IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN SAMSON : | |
| 5915 AUGUSTA DRIVE : | |
| SPRINGFIELD, VA 22150 : | |
| : | |
| On behalf of himself and other similarly : | |
| situated employees : | |
| : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No._____ |
| : | |
| THE CARLYLE GROUP, L.P. : | |
| 1001 PENNSYLVANIA AVENUE : | |
| WASHINGTON, DC 20004 : | |
| : | |
| Serve: CT Corporation System : | |
| 1015 15th Street, NW : | |
| Suite 1000 : | |
| Washington, DC 20005 : | |
| : | |
| Defendant. : | |

## COMPLAINT

COMES NOW, Plaintiff, Brian Samson, by and through his undersigned counsel and hereby sues The Carlyle Group for violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. for misclassification, unpaid overtime wage and liquidated damages.

## PARTIES

1. Plaintiff is an adult resident of the Commonwealth of Virginia.

2. Defendant is a District of Columbia Limited Partnership with its principal place of business located at 1001 Pennsylvania Ave., NW, Washington, DC.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter based upon 28 U.S.C.A. §1331 because this matter is based a question of federal law.

4. Venue in this matter is proper based upon 28 U.S.C.A. §1391.

## FACTS OF THE CASE

5. Plaintiff was employed by Defendant for more than 14 years with the last 4 years as an IT Service Desk Coordinator.

6. Plaintiff and other similarly situated employees' primary duty consisted of installing, configuring, testing, and troubleshooting computer applications, networks, and hardware.

7. Defendant misclassified Plaintiff and other similarly situated IT Service Desk employees as exempt and paid Plaintiff and other similarly situated employees a salary.

8. Plaintiff and other similarly situated IT Service Desk employees are not exempt and are entitled to be paid overtime at the rate of 1.5 times their regular hourly wage for any excess of 40 they worked in any week.

9. Plaintiff's salary for 2014 was $68,841.00, which equates to an hourly rate of $33.10 and an overtime rate of $49.35.

10. Plaintiff's regular schedule was from 8:30a – 5:30p with an hour for lunch.

11. In addition to his regular weekly schedule, Plaintiff and other similarly situated employees were required to work on a weekend rotation consisting of working Saturday and Sunday from at least 9a-6p every six weeks.

12. Plaintiff and other similarly situated employees were required to be on call as backup for the employee who was working the weekend and Plaintiff and other similarly situated employees routinely worked 2-4 hours during the weekend they were scheduled as the backup.

13. Plaintiff was trained for mobility service assistance and in that role, Plaintiff routinely received calls and messages after normal working hours which required Plaintiff to work 2-3 additional hours each week.

14. Plaintiff worked approximately 350 hours of overtime each year that is covered by this action.

15. Plaintiff and other similarly situated IT Service Desk employees routinely worked in excess of 40 hours per week and were not paid overtime at 1.5 times their regularly hourly rate as required by law.

16. Defendant has misclassified Plaintiff and other similarly situated IT Service Desk employees for a period of more than 3 years.

17. Plaintiff and other similarly situated employees are entitled to their unpaid overtime plus an amount in liquidated damages and their reasonable costs and attorneys' fees.

<u>COUNT I</u><br><u>FAILURE TO PAY OVERTIME IN VIOLATION FO THE FLSA</u>

18. At all times relevant to this action, Defendant was an enterprise engaged in commerce as defined by §203(s)(1) of the FLSA.

19. At all times relevant to this action, Defendant was an employer as defined by §203(d) of the FLSA.

20. At all times relevant to this action, Plaintiff and others similarly situated were employees as defined by §203(e)(1) of the FLSA and worked for Defendant in the United States.

21. Plaintiff and other similarly situated employees' primary duty does not fall within exemption to the FLSA and therefore, Plaintiff and other similarly situated employees are not exempt and are entitled to be overtime at 1.5 times their hourly rate for any hours in excess of 40 that they work in any week.

22. The provisions set forth in §§206 and 207 of the FLSA apply to Defendant, Plaintiff and all similarly situated employees who were covered by the FLSA while they were employed by Defendant.

23. Plaintiff and other similarly situated employees were not exempt and were entitled to be paid overtime for all hours in excess of 40 that they worked in any week.

24. Defendant has failed and refused to pay Plaintiff and other similarly situated employees according the provision of the FLSA.

25. The systems, practices and duties required of Plaintiff, while employed at Defendant have existed for at least three years.

26. Defendant has been aware of the requirements of the FLSA and its regulations. Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the FLSA.

27. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join this lawsuit. Those similarly situated employees and former employees are readily known, identifiable and locatable by Defendant.

28. All employees and former employees of Defendant who were not paid overtime despite working more than 40 hours in any given week would benefit from Court-Supervised Notice and the opportunity to join this lawsuit and should be so notified.

29. Defendant has engaged in a widespread pattern and practice of violating the FLSA by failing to pay overtime compensation to Plaintiff and others similarly situated.

30. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff, as well as others similarly situated, have suffered damages by failing to receive compensation due and owing to them pursuant to §207 of the FLSA.

31. In addition to the amount of unpaid wages and benefits due and owing to Plaintiffs and others similarly situated, they are also entitled to recover an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), in addition to prejudgment interest on their damages.

32. Defendant's actions in failing to compensate Plaintiff and others similarly situated, in violation of the FLSA, were willful and intentional.

33. Defendant has not made a good faith effort to comply with the FLSA.

34. Plaintiff and others similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff and other similarly situated persons, pursuant to §216(b) of the FLSA respectfully requests that this Court:

A. Issue an order at the soonest possible time to all of The Carlyle Group's employees during the three years immediately preceding the filing of this suit, and to all other potential plaintiffs who may be similarly situated, informing them that this action has been filed, the nature of the action, and their right to opt-into this claim if they worked for the IT Service Desk, worked more than 40 hours in any given week, and were not compensated for working such hours in excess of 40 in any week, pursuant to 29 U.S.C. §216(b);

B. That all such plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), plus prejudgment interest;

    C.    Award Plaintiffs all costs and expenses of this litigation, including attorneys' fees;

    D.    Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

### JURY TRIAL

Plaintiff requests that all matters in this case be tried by a jury.

Dated: December 16, 2014

                                        Respectfully Submitted,

                                        /s/Neil S. Hyman_____
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4416 East West Highway, Suite 400
Bethesda, Maryland 20814
301-841-7105 (p)
301-986-1301 (f)
neil@neilhymanlaw.com
*Counsel for Plaintiff*