**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIAN SAMSON, on behalf of himself And other similarly situated employees,<br><br>      Plaintiff,<br><br>      v.<br><br>THE CARLYLE GROUP, L.P.,<br><br>      Defendant. | Civil Action No. 1:14-cv-02124-GK |

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS THE COMPLAINT AND COUNTERCLAIMS WITH PREJUDICE**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and Rule 41 of the Federal Rules of Civil Procedure, Plaintiff Brian Samson and Defendant The Carlyle Group, L.P. ("Carlyle"), by and through their undersigned counsel, hereby request this Court approve the parties' settlement and dismiss with prejudice all claims and counterclaims in this matter.

BACKGROUND

Carlyle employed Plaintiff from June 12, 2000, until November 24, 2014. Carlyle classified Plaintiff as an exempt employee from January 1, 2013, until the time of his termination. At the time of his termination, Plaintiff held the position of IT help desk Coordinator and earned an annual salary of $68,841.00. As a term and condition of his employment, Carlyle authorized Plaintiff to use its computer system for limited purposes related to the performance of his job duties. Plaintiff acknowledged the limited nature of the authorization Carlyle granted him for use of its computer system. Defendant alleges that prior to November 24, 2014, without authority or permission, Plaintiff used Carlyle's computer system to accesses personal and confidential, financial information concerning the compensation of other

18804961v.4

employees and attempted to use such information for personal gain, and that was the basis for the termination of Plaintiff's employment with the Defendant.

PLAINTIFF'S BONA FIDE FLSA DISPUTE

The Plaintiff filed a Complaint alleging he is a non-exempt employee, and should have been paid overtime from January 1, 2013, through the termination of his employment on November 24, 2014. The Defendant defends the action by claiming the Plaintiff was properly classified as an exempt employee, both under the administrative exemption and the computer employee exemption, 29 U.S.C. § 213 (1) and (17), respectively. The Defendant alleges that unlike many computer help desk employees who only handle simple questions, and must refer more complicated issues to higher level employees, the Defendant's help desk was designed to be a one stop affair, and thus the Defendant was expected to and did address and correct complex computer issues, including, for example, matching mobile devices to the appropriate computer server, and analyzing computer programs to assure their appropriateness and ability to serve the desired function. Defendant also notes that Plaintiff's salary of over $68,000 a year is indicative of an exempt employee (in 2014 his annual salary was $68,841.00).

In his Complaint, Plaintiff does not allege a specific or approximate number of hours worked per week. Rather, he alleges only he worked more than forty (40) hours per week. In turn, Defendant alleges the few weekends Plaintiff was on call, his time was not compensable since his location and activities were not overly restricted. As such, even if non-exempt, he would only be compensated for his actual working time. Therefore, Defendant alleges that even if Plaintiff was a non-exempt employee, he would have only had approximately seventy five (75) hours of overtime during the time in question.

CARLYLE'S COUNTERCLAIMS

In response to Plaintiff's Complaint, Carlyle timely filed an Answer and Counterclaims. Carlyle denied it violated the FLSA by classifying the Plaintiff as exempt. Carlyle also asserted

Counterclaims against the Plaintiff for violation of the Computer Fraud and Abuse Act and conversion.

## THE PARTIES FAIR & REASONABLE SETTLEMENT

After arms-length negotiations, in order to fully resolve the claims and counterclaims described above without further expense, inconvenience, or litigation, the Parties reached a settlement agreement. The terms of the settlement are as follows: Plaintiff agrees to dismiss with prejudice his FLSA claim against Defendant, Defendant agrees to dismiss with prejudice its counterclaims against Plaintiff, Defendant will pay $9,550 to the Plaintiff, Defendant will pay $5,450 to Plaintiff's counsel, Defendant will change the Plaintiff's termination to a resignation, the Defendant will not contest the Plaintiff's unemployment compensation claim, and the Defendant and Plaintiff will sign the Defendant's standard severance and release agreement.

The net settlement to the Plaintiff is equal to approximately one hundred ninety (190) hours of pay at the overtime rate alleged by Plaintiff, which far exceeds what Defendant's evidence is as to the hours the Plaintiff worked overtime. The parties agree there is a significant risk the Plaintiff would not recover the amount he is settling for, even if he could prove he was a non-exempt employee. Moreover, if the Defendant's counterclaims were successful, Plaintiff could owe the Defendant significant damages, which could easily exceeded $10,000. In addition, having the Plaintiff's termination changed to a resignation will help him in seeking employment. Finally, the Plaintiff and Plaintiff's attorney agree that the amount of attorney fees paid is fair and reasonable.

## CONCLUSION

The parties settlement should be approved, and the Complaint and Counterclaims dismissed with prejudice.

3

18804961v.4

Respectfully submitted

BRIAN SAMSON

 /s/ Neil S. Hyman_____
Neil S. Hyman, Esquire (D.C. Bar No. 465047)
Law Office of Neil S. Hyman, LLC
4416 East West Highway, Suite 400
Bethesda, Maryland 20814
Email: neil@neilhymanlaw.com
Phone: 301-841-7105

*Counsel for Plaintiff*

SEYFARTH SHAW LLP

 /s/ Lawrence P. Postol_____
Lawrence P. Postol  (D.C. Bar No 239277)
Seyfarth Shaw LLP
975 F Street, NW
Washington, D.C., 20004-1454
Tel: (202) 463-2400
Fax: (202) 828-5393
E-mail: LPostol@seyfarth.com

*Counsel for the Carlyle Group L.P.*

January 21, 2015